John **THORNTON**, Appellant,

v.

**FIRST STATE BANK OF
JOPLIN**, Appellee.

No. 92–3172.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1993.

Decided Sept. 13, 1993.

sentence imposed.

John R. Lewis, Springfield, MO, argued, for appellant.

Karl W. Blanchard, Joplin, MO, argued, for appellee.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

John Thornton filed a four-count complaint against First State Bank of Joplin. The district court [1] and the jury, in combination, found in favor of the Bank on all counts. Thornton appeals, and we affirm.

## I.

Prior to filing a Chapter 11 bankruptcy petition in September 1985, and while doing business as a truck dealer, Thornton had obtained several loans from First State Bank ("the Bank"), pledging his trucks as security. Thornton then sold the secured trucks out of trust, leaving the Bank unpaid and without collateral. In August 1986, after disclosing the out of trust sales to the Bank, Thornton reopened a demand deposit (checking) account at the Bank. He had closed his prior account over a deposit ticket dispute with the Bank.

The Bank had informed Thornton that if he reopened his primary account, the Bank would "waive any right of offset that it may have against [Thornton's] demand deposit account to pay either principal or interest on [his] notes currently past due at the bank...." Appellant's App. at 6. Between August 4, 1986, and October 6, 1986, a time period during which the Chapter 11 proceedings were ongoing, Thornton and the Bank entered into six new promissory notes. Not all of the proceeds of the new notes were deposited by the Bank to the reopened account. The primary factual issue for the jury was whether the note proceeds were new operating funds which were all to be deposited into the account, or whether some of the proceeds were to be used to directly pay off the past due obligations. By its verdict, the jury found the latter proposition the true one.

Thornton converted the Chapter 11 proceeding into a Chapter 7 liquidation in April 1987, and he was discharged in April 1988. Two years later, Thornton filed the present four-count complaint against the Bank alleging that the Bank had improperly offset the proceeds from the new notes from his demand deposit account. He raises four issues on appeal.

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

## II.

■ Thornton argues that the district court erred in granting the Bank's motion to dismiss Count I, the RICO claim, for failure to state a claim upon which relief may be granted. The district court found that Thornton failed to show that the Bank's actions with respect to the six promissory notes negotiated in August, September, and October 1986 amounted to a "pattern of racketeering activity" as required by the statute. We agree and, therefore, affirm.

RICO defines a "pattern of racketeering activity" as at least two acts of racketeering activity, "one of which occurred after [RICO was enacted] and the last of which occurred within 10 years ... after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). The United States Supreme Court has further provided:

> RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity.

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989). Thornton has failed to show that any alleged racketeering predicates committed by the Bank "amount[ed] to or pose[d] a threat of continued criminal activity." While " '[c]ontinuity' is both a closed- and open-ended concept," "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.* at 241–42, 109 S.Ct. at 2901–02 (citation omitted). In his complaint, Thornton asserted that the Bank's alleged RICO activity occurred over only a three-month time span—August, September, and October 1986. For the first time on appeal, Thornton argues that the RICO activity began in February 1986, when he claims the Bank failed to credit his account with the full amount of a deposit. Even if we were to consider the February date, Thornton alleges no racketeering activity on the part of the Bank between February and August. Ac-

cordingly, we conclude that the district court properly dismissed Thornton's RICO claim, and we affirm.

## III.

■ Thornton also contends that the district court erred in giving instruction number 6, which instructed the jury on the facts it had to find in order to return a verdict in favor of the Bank on Count II, the conversion claim. Thornton argues that the substance of the instruction lacked merit and improperly "gave credibility" to the Bank's defense in the case. One of the purposes of jury instructions, however, is to inform the jury of the "various permissible ways of resolving the issues in the case," and a party is entitled to an instruction on its theory of the case so long as it is legally correct and there is factual evidence to support it. *Farmland Indus. Inc. v. Morrison–Quirk Grain Corp.*, 987 F.2d 1335, 1341 (8th Cir.1993) (citing *Federal Enter. Inc. v. Greyhound Leasing & Fin. Corp.*, 786 F.2d 817, 820 (8th Cir.1986)). Thornton has failed to show that the instruction is legally incorrect or is unsupported by factual evidence. Rather, Thornton's challenge to the instruction is simply a disguised attack on the defense presented by the Bank. Accordingly, we affirm.

## IV.

■ Thornton also argues that the district court erred in granting the Bank's motion for directed verdict on Count III, the intentional misrepresentation claim. Thornton asserts that by retaining a significant portion of the proceeds from the six promissory notes, the Bank violated its promise not to exercise a right of setoff against Thornton's account. We review a district court's decision to grant a motion for directed verdict under the standard originally applied by the district court. *City Nat'l Bank of Fort Smith v. Unique Structures, Inc.*, 929 F.2d 1308, 1312 (8th Cir.1991). Thus, we resolve all factual disputes in favor of Thornton, the nonmoving party, and reverse the decision to grant the motion if reasonable jurors might differ as to the conclusion. *Id.*.

In Missouri, one of the essential elements of misrepresentation is falsity of the representation at issue. *See Morrill v. Becton,*

*Dickinson and Co.*, 747 F.2d 1217, 1222 (8th Cir.1984) (citations omitted). Thornton and the Bank agree that the Bank promised not to exercise a right of setoff against Thornton's account, that the proceeds from the notes were not deposited in their entirety into this account, and that the Bank took no money directly from the reopened account. Any money Thornton contends the Bank diverted, therefore, was not diverted from the account itself and thus was never subject to offset. Because no reasonable jury could find that the Bank's promise not to offset the demand deposit account was false, we affirm the granting of a directed verdict in favor of the Bank on Count III.

## V.

■ Thornton argues that the district court erred when it applied the doctrine of laches to dismiss Count IV, the claim alleging that the Bank violated the automatic stay order issued by the bankruptcy court. While delay alone does not automatically constitute laches, if a plaintiff's delay (1) is unreasonable and unexplained and (2) has disadvantaged the defendant, laches may apply. *Baker v. Baker*, 951 F.2d 922, 926 (8th Cir.1991) (citations omitted). Thornton waited approximately four years after finding out about the Bank's alleged misconduct and two years after his bankruptcy proceedings had concluded before filing his complaint, and he has offered no explanation for his inaction. In addition, the district court found that the Bank, one of Thornton's creditors, acted to its own detriment when it acquiesced in Thornton's reorganization plan without any knowledge of Thornton's dissatisfaction with the Bank's conduct. "Whether laches should apply is a matter within the sound discretion of the trial court." *Whitfield v. Anheuser-Busch, Inc.*, 820 F.2d 243, 245 (8th Cir.1987) (citation omitted). The district court did not abuse its discretion, and we affirm the dismissal of Count IV.

## VI.

We affirm the judgment of the district court.