## United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2315
_____

United States of America

*Plaintiff - Appellee*

v.

Leon Donald Farlee

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: March 13, 2014
Filed: July 9, 2014

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

A jury convicted Leon Donald Farlee of assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3) and assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). The district court[1] sentenced Farlee to 60 months

_____

[1]The Honorable Roberto Lange, United States District Judge for the District of South Dakota.

imprisonment and ordered him to pay restitution in the amount of $127,716.74. Farlee appeals, claiming the court committed numerous trial errors and requesting the verdict be set aside and his conviction reversed or, in the alternative, that his sentence be vacated and the case remanded for a new trial. We affirm.

I.

"We state the facts in the light most favorable to the jury's verdict." United States v. Washington, 318 F.3d 845, 850 (8th Cir. 2003). Farlee was in a relationship with Leslie Oakie. Late on the night of March 31, 2012, the couple returned to Oakie's trailer on the Cheyenne River Sioux Reservation after a night of drinking. The door to the trailer was locked, so Oakie climbed through a window while Farlee remained at the front door. She was surprised to find her friend Merton Eaton inside the trailer. Eaton had previously loaned Oakie his car and had gone inside the trailer to retrieve his keys. Oakie attempted to get Eaton to leave through the back of the trailer, but he did not do so. Farlee, belligerent and intoxicated, punched through a window on the front door and let himself inside, sustaining a deep cut in his arm, causing significant bleeding. Inside the trailer, Farlee assaulted Eaton near the back window, kicking him in the head with his boots, and caused Eaton severe injury, including lacerations on his left forearm and right arm, facial trauma, multiple lacerations on the right side of his face, and traumatic brain injury.

II.

Farlee contends the trial court committed error by: (1) denying his motion for judgment of acquittal, (2) inadequately instructing the jury, (3) failing to suppress evidence seized with a deficient search warrant, (4) failing to grant a continuance, (5) permitting irrelevant and cumulative testimony, and (6) permitting the Government to use leading questions during direct examination. We address each claim in turn.

-2-

A. Motion for Judgment of Acquittal

Farlee argues the district court erred by denying his motion for judgment of acquittal because (1) there was insufficient evidence he used a dangerous weapon, and (2) the evidence showed he was acting in self defense. In considering a district court's denial of a defendant's motion for judgment of acquittal, we view "the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict." United States v. Barrios-Perez, 317 F.3d 777, 779 (8th Cir. 2003) (internal quotation marks omitted). We will uphold the convictions unless "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (quotations omitted).

i. Use of a Dangerous Weapon

Farlee contends there was insufficient evidence to prove the boots he was wearing constituted a dangerous weapon because they were "floppy, old, and could not have caused any of the injuries that Eaton suffered." He also claims, due to lack of blood on the boots, there was insufficient evidence indicating the boots had been in contact with Eaton. To obtain a conviction under 18 U.S.C. § 113(a)(3), the Government must prove the defendant used a dangerous weapon, "an object capable of inflicting bodily injury," during the course of the assault. United States v. Steele, 550 F.3d 693, 699 (8th Cir. 2008); United States v. LeCompte, 108 F.3d 948, 952-53 (8th Cir. 1997). Whether an object "constitutes a dangerous weapon in a particular case is a question of fact for the jury." United States v. Phelps, 168 F.3d 1048, 1055 (8th Cir. 1999). We have upheld convictions for assault with a dangerous weapon involving kicking a victim with shod feet, including tennis shoes. See, e.g., Steele, 550 F.3d at 699.

The jury heard eyewitness testimony from Oakie that Farlee kicked Eaton in the head repeatedly while wearing his boots. Eaton's treating Emergency Room

physician testified that Eaton's head was swollen and cut and had sustained "many blunt-force impacts." Moreover, Farlee's assertion on appeal that the boots did not have Eaton's blood on them is contrary to the evidence presented from the Government's DNA expert at trial, which supported the finding that Eaton's blood was found on the toe area of both of Farlee's boots. Thus, the evidence was sufficient for a jury to conclude Farlee used his boots to assault Eaton and his boots were capable of causing serious bodily injury. Accordingly, we agree with the district court that the evidence supported Farlee's conviction for assault with a dangerous weapon.

## ii. Self Defense

Next, Farlee argues because the evidence supported an absolute defense—self defense—the court erred in not granting his motion for acquittal. "'If a person reasonably believes that force is necessary to protect himself or another person from what he reasonably believes to be unlawful physical harm about to be inflicted by another and uses such force, then he acted in self defense or defense of another person.'" United States v. Milk, 447 F.3d 593, 598 (8th Cir. 2006) (quoting district court jury instructions); see also United States v. Tunley, 664 F.3d 1260, 1262 n.3 (8th Cir. 2012) (noting that, because self-defense is not codified by federal statute, courts generally rely on the common-law definition of self defense). "Although a federal defendant bears the burden of production on the issue of self-defense, once that burden is met, the government must prove beyond a reasonable doubt that the defendant did not act in self-defense." Milk, 447 F.3d at 598.

Farlee's theory at trial was Eaton was waiting in Oakie's trailer, and when Farlee came inside Eaton attacked him. Thus, Farlee acted in self defense. However, having reviewed the record, we find the Government presented substantial evidence negating this self-defense argument, and the jury reasonably could have credited this evidence. The jury has the ultimate task of determining the facts and assessing the credibility of the witnesses. United States v. Gaona-Lopez, 408 F.3d 500, 505-06 (8th

-4-

Cir. 2005). Oakie testified Farlee was drunk and had been acting in a jealous manner that night. She also testified that, once she saw Eaton inside the trailer, she did not unlock the front door for Farlee because she "thought [Farlee] was going to come in and beat [Eaton] up." She then testified that, after Farlee broke the window to the front door and let himself inside, he yelled at Eaton and was angry and upset. The location of blood inside the trailer supports Oakie's testimony that the encounter occurred near the back of the trailer rather than near the front door through which Farlee entered, contrary to Farlee's assertion that Eaton attacked him as he entered. Finally, Farlee's treating Emergency Room physician testified Farlee was belligerent and "appeared to be quite intoxicated." Although Farlee presented evidence, including his own testimony, in support of his self-defense theory, a jury could reasonably have rejected Farlee's testimony and concluded beyond a reasonable doubt, based on the other evidence, he did not act in self defense.

## B. Jury Instructions

Farlee next contends the trial court abused its discretion in its instructions to the jury by (1) failing to instruct on defense of property, (2) failing to instruct on the lesser-included offense of assault by striking, beating, and wounding, and (3) erroneously instructing on the law of self defense.

### i. Defense of Property Jury Instruction

Farlee argues the district court erred in failing to give his proposed jury instructions on defense of property. "We generally review a district court's refusal to provide a requested instruction for abuse of discretion." United States v. Davis, 237 F.3d 942, 945 (8th Cir. 2001). "[A] party is entitled to an instruction on its theory of the case so long as it is legally correct and there is factual evidence to support it." Thornton v. First State Bank of Joplin, 4 F.3d 650, 652 (8th Cir. 1993); see also Boesing v. Spiess, 540 F.3d 886, 890 (8th Cir. 2008). The instruction Farlee

requested was derived from South Dakota law, which, in certain circumstances, permits persons to use force or violence to protect property. Farlee contends the Assimilative Crimes Act, 18 U.S.C. § 13, requires that the federal court borrow state law jury instructions where crimes allegedly occur on federal enclaves such as Indian reservations. See Lewis v. United States, 523 U.S. 155, 160 (1998). However, it is unnecessary for us to determine whether a defense of property instruction is authorized because such an instruction is not warranted by the evidence.

South Dakota's defense of property statute allows any person to use force or violence against another

> when the person reasonably believes that such conduct is necessary to prevent or terminate the other person's trespass on or other criminal interference with real property or personal property lawfully in his or her possession or in the possession of another who is a member of his or her immediate family or household or of a person whose property he or she has a legal right to protect.

S.D. Codified Laws § 22-18-4. Farlee was in Oakie's trailer when the altercation occurred. The trailer was not in Farlee's possession, nor were Oakie and Farlee in the same family or household to justify his defense of property. Therefore, because the facts of this case do not support the defense of property instruction under South Dakota law, the district court did not abuse its discretion in refusing to give the instruction.

### ii. Lesser-Included Offense Instruction

Farlee next argues the district court abused its discretion in failing to instruct the jury on the lesser-included offense of assault by striking, beating, and wounding. He contends that, because the evidence presented at trial regarding Eaton's injuries could lead a jury to believe the injuries occurred from Eaton falling and striking his

head on the floor, rather than from Farlee's fists and boots, the jury could have found Farlee guilty of the lesser offense.

"[I]t is beyond dispute that a defendant is not entitled to a lesser-included offense instruction unless the evidence adduced at the trial provides a rational basis upon which the jury could find him not guilty of the greater but guilty of the lesser offense." United States v. Eagle Elk, 658 F.2d 644, 648 (8th Cir. 1981); see also Keeble v. United States, 412 U.S. 205, 208 (1973). In our circuit, assault by striking, beating, and wounding is a lesser included offense of assault resulting in serious bodily injury. See United States v. Young, 875 F.2d 1357, 1359 (8th Cir. 1989).

The distinguishing factor between the two offenses is the degree of injury resulting from the assault. Assault resulting in serious bodily injury requires, as an element of the offense, that serious bodily injury result. However, assault by striking, beating, and wounding requires no "particular degree of severity in the injury." United States v. Knife, 592 F.2d 472, 482 (8th Cir. 1979). Farlee admitted there was an assault and presented no evidence disputing the Government's evidence of Eaton's resulting serious injury. Because proof of the element differentiating the two crimes was not in dispute, the jury could not have rationally convicted Farlee on the lesser, but not the greater, offense, thus, the trial court did not abuse its discretion in refusing to give the instruction. See United States v. Felix, 996 F.2d 203, 207 (8th Cir. 1993).

iii. Self-Defense Instruction

Farlee asserts the district court's final error in its jury instructions was its refusal to give his proposed instruction on self defense, which included instructions that the defendant is not required to retreat and that the aggressor need not be armed for the defendant to assert self defense as an affirmative defense. The district court gave the Eighth Circuit Model Jury Instruction on the issue of self defense:

> If a person reasonably believes that force is necessary to protect himself or another person from what he reasonably believes to be unlawful physical harm about to be inflicted by another and uses such force, then he acted in self defense or defense of another. However, self defense which involves using force likely to cause death or great bodily harm is justified only if the person reasonably believes that such force is necessary to protect himself or a third person from what he reasonably believes to be a substantial risk of death or great bodily harm.

Specifically, and in relevant part, Farlee requested that the self-defense instruction also include the following:

> Although a defendant asserting self defense is not required to retreat before resorting to force, the availability of retreat may be a factor for the jury to consider in evaluating whether the force used was reasonable. An aggressor need not have been armed in order for the defendant to raise self defense.

A defendant has the right to have the jury instructed on his theory of the case when there is evidence to support it and a proper request is made. See United States v. Manning, 618 F.2d 45, 47-48 (8th Cir. 1980). However, "a defendant is not entitled to a particularly worded instruction where the instructions given by the trial judge adequately and correctly cover the substance of the requested instruction." Id. at 48 (citations omitted). A proper request is one which is timely, is supported by the evidence, and sets forth a correct statement of the law. United States v. Brake, 596 F.2d 337, 339 (8th Cir. 1979).

We find no error in the district court's instruction to the jury on the issue of self defense. "One is entitled to stand his ground and use such force as [is] reasonably necessary under the circumstances to save his life or protect himself from serious bodily harm," if he reasonably believes such danger is imminent, United States v. Deon, 656 F.2d 354, 356 (8th Cir. 1981) (alteration in original) (internal quotation

marks omitted), and using force likely to cause death or great bodily harm to the other person is justified if the person acting in self defense reasonably believes that force is necessary to protect himself from death or great bodily harm, United States v. Walker, 817 F.2d 461, 463 (8th Cir. 1987) (holding a self-defense instruction using this language adequately stated the law). This principle was adequately set forth in instructions given by the district court. The jury could have determined, according to the given instructions, that Farlee's actions were reasonable and justified if the jury found that Farlee was being attacked by Eaton and that Farlee reasonably believed that he faced a substantial risk of death or great bodily harm. However, the jury was also permitted to decline to credit Farlee's evidence with respect to self defense.

Moreover, the additional requested instruction was not particularly relevant to the issues nor did it constitute a substantial portion of Farlee's defense. It is unnecessary for a trial court to instruct a jury on every nuanced area of the defense when the evidence and arguments do not bring those issues before the jury. See id. Because there was no evidence or argument regarding the requested additional instruction, giving the instruction would not have had a substantial impact on the jury's verdict. See United States v. Krapp, 815 F.2d 1183, 1188 (8th Cir. 1987). Instead, the self-defense instructions given were sufficient to advise the jury on the law of self-defense. See Walker, 817 F.2d at 463.

C. Motion to Suppress

Farlee next contends the district court erred in denying his motion to suppress his boots and a saliva sample taken pursuant to invalid search warrants. The Government used Farlee's saliva sample to match his DNA to blood found at the trailer and on his boots. The Government used his boots for the purpose of demonstrating that there was some of Eaton's blood present on them. The district court held that, while the affidavits supporting the warrants were insufficient to establish probable cause, the evidence could be admitted under the Leon good faith

exception to the warrant requirement. Farlee argues the <u>Leon</u> good faith exception does not apply because (1) the Government did not establish the objective reasonableness of the officers' good faith reliance on the search warrants, and (2) the lay magistrate abandoned her judicial role by signing the warrants.[2]

We review a district court's determination of probable cause and the application of the <u>Leon</u> good faith exception de novo. <u>United States v. Perry</u>, 531 F.3d 662, 665 (8th Cir. 2008). Generally, a warrant supported by a probable cause affidavit is required for a search. Without a valid warrant, or a recognized exception to the warrant requirement, a search violates the Fourth Amendment, <u>Missouri v. McNeely</u>, 133 S.Ct. 1552, 1558 (2013), and the evidence seized pursuant to the search should be excluded from a trial, <u>United States v. Calandra</u>, 414 U.S. 338, 347 (1974). In <u>Leon</u>, the Supreme Court recognized "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." <u>United States v. Leon</u>, 468 U.S. 897, 916 (1984). Accordingly, under the <u>Leon</u> good faith exception, even if the affidavit does not set forth sufficient probable cause, evidence obtained pursuant to the search warrant subsequently invalidated will not be excluded if: "(1) the executing officers relied in good faith on a search warrant signed by a neutral and detached magistrate, and (2) the officers' reliance on the warrant was objectively reasonable." <u>United States v. Jackson</u>, 67 F.3d 1359, 1365 (8th Cir. 1995) (citing <u>Leon</u>, 468 U.S. at 922-23).

Farlee first argues the Government did not establish the officers acted in good faith reliance on the search warrants because the affidavits were facially deficient. An

---

[2]In his reply brief, Farlee argues the person signing the warrants was not a neutral and detached magistrate, but a lay person acting as a magistrate, and, thus, the warrants did not comply with Federal Rule of Criminal Procedure 41. However, "we generally do not address issues and arguments asserted for the first time in a reply brief," <u>Giove v. Stanko</u>, 49 F.3d 1338, 1344 n.4 (8th Cir. 1995), and see no reason here to depart from the general rule.

officer may not rely entirely on the magistrate's finding of probable cause when the application for the warrant so lacks probable cause that the officer cannot have a reasonable belief in its existence. Malley v. Briggs, 475 U.S. 335, 344-45 (1986). When a magistrate relies solely on an affidavit to issue the warrant, "'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" United States v. Etheridge, 165 F.3d 655, 656 (8th Cir. 1999) (quoting United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995)). However, when assessing the officer's good faith reliance on a search warrant under the Leon good faith exception, we can look outside of the four corners of the affidavit and consider the totality of the circumstances, including what the officer knew but did not include in the affidavit. United States v. Martin, 833 F.2d 752, 756 (8th Cir. 1987) (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)).

Even if the affidavits do not set forth probable cause, we find the good faith exception to the warrant requirement would apply based on a totality of the circumstances. Although Detective Larry LeBeau provided the supporting affidavits for the search warrants rather than the lead investigator Detective Russell Leaf, Detective Leaf fully briefed Detective LeBeau on the details of the investigation. At that point, according to Leaf's testimony at the suppression hearing, he had already spoken with Oakie and had determined that Farlee was a suspect. He had also been to the trailer and seen what he believed to be blood outside on the door. Based on the totality of the circumstances, we conclude that the officers possessed information giving them reason to believe in good faith that the search warrants were valid.

Farlee next contends the lay magistrate signing the warrants abandoned her judicial role. The Leon good faith exception will not apply to admit evidence if the magistrate who issued the warrants abandoned his or her neutral and detached role in issuing it. Leon, 468 U.S. at 914. A warrant may be issued only by an official who is "neutral and detached" and "capable of determining whether probable cause exists for the requested arrest or search." Shadwick v. City of Tampa, 407 U.S. 345, 350

(1972). Other than a broad allegation that the "deficiencies in the affidavit here belie any argument that it could be saved by the good faith exception," Appellant's Br. 36, Farlee points to nothing in the record that demonstrates the magistrate abandoned her neutral and detached role nor does he allege facts that would lead a reasonable person to believe her role was abandoned in issuing the warrants. Having independently reviewed the record, we determine that Farlee's claim amounts to nothing more than a vague and conclusory allegation and is without merit. See United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998).

Finally, even if the Leon good faith exception does not apply, and thus the district court erred in allowing the boots and saliva sample into evidence, such error was harmless. For a federal constitutional error to "be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 23-24 (1967). With respect to this issue we ask, absent the unconstitutionally admitted evidence, "is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?" United States v. Hasting, 461 U.S. 499, 510-11 (1983); see also Burger v. Kemp, 483 U.S. 776, 782 n.5 (1987) (assuming that the trial court's charge to the jury was unconstitutional, any error was harmless beyond a reasonable doubt because the evidence presented was "so dispositive" that the jury would not have had to rely on any unconstitutional instruction given). Any error here was harmless beyond a reasonable doubt in light of the overwhelming evidence presented by the Government, independent of the boots and saliva, supporting the jury's verdict. Bud Lone Eagle, Oakie's uncle who made the initial call to the police, testified to what he saw the night of the attack, including the damage to the entry door of the trailer and the scene inside, including Eaton laying on the floor. The jury heard Oakie's eyewitness testimony that Farlee forced his way into the trailer and attacked Eaton, kicking him in the head with his boots. The testimony of Eaton's treating physician provided evidence of the severity of Eaton's injuries, including extreme swelling of his head, caused by multiple blunt-force impacts. The Government also presented testimony that Farlee was behaving in a jealous manner

that night and that he was "quite intoxicated" and "belligerent" when treated at the emergency room after the attack. Under these circumstances, the evidence was cumulative of other evidence before the jury, and the verdict was not affected by the disputed evidence. Thus, we conclude beyond a reasonable doubt that the jury would have returned a guilty verdict without the admission into evidence of the boots and saliva sample. See United States v. Noske, 117 F.3d 1053, 1058 (8th Cir. 1997) ("Even if the search violated [the defendant's] Fourth Amendment rights . . . admission of the [evidence] was harmless beyond a reasonable doubt.").

For these reasons, we find there was no reversible error in the district court allowing Farlee's boots and saliva to be admitted into evidence.

## D. Continuance

Farlee next argues the court abused its discretion in refusing to grant a continuance based on the unavailability of one of his witnesses. At the conclusion of Farlee's case, his attorney informed the court that one of the defense witnesses was not present and moved for a continuance. The absent witness was to testify about "his opinion of Merton Eaton for assaultive behavior." Trial Tr. 640. The court denied Farlee's motion. Farlee argues the denial was an abuse of the court's discretion because the testimony was material and favorable to the defendant, and it would give significant weight to his self-defense argument.

In determining whether to grant a continuance, the trial judge must balance the asserted need for the continuance against the hardship of the resulting delay, and should also consider the complexity of the case, the diligence of the party requesting a continuance, and the conduct of the opposing party. United States v. Coronel-Quintana, 752 F.2d 1284, 1287-88 (8th Cir. 1985); United States v. Little, 567 F.2d 346, 348-49 (8th Cir. 1977). Because this balancing requires familiarity with the parties and particular circumstances of the case, the trial court retains broad

-13-

discretion to grant a continuance.  Morris v. Slappy, 461 U.S. 1, 11 (1983).  We review only for abuse of that discretion, United States v. Reeves, 730 F.2d 1189, 1193 (8th Cir. 1984), and will reverse only if "the moving party was prejudiced by the denial," United States v. Hyles, 479 F.3d 958, 967 (8th Cir. 2007) (internal quotation marks omitted).

While the district court observed that the witness's testimony was likely admissible, Farlee had ten months to prepare for the trial and to locate character witnesses.  Given the broad discretion afforded district courts when ruling on requests for continuances, and because the testimony regarding the victim's character was unlikely to overcome the weight and substance of the Government's evidence, we hold the district court did not abuse its discretion in denying the continuance motion.

E.  Testimony of Danette Serr

Farlee argues the trial court abused its discretion in allowing the testimony of Danette Serr, the long-time girlfriend of Eaton's son.  Serr testified she saw Eaton almost every day before the incident, and Eaton was "plumb fine." Trial Tr. 465.  She also testified there were physical and behavioral changes in Eaton after the incident as compared to before.  Farlee argues this evidence was irrelevant, and thus should not have been admitted under Federal Rule of Evidence 402.  He argues further that, even if it was relevant, the testimony should not have been admitted under Federal Rule of Evidence 403 because it was cumulative and prejudicial.

"The trial court has broad discretion in determining the relevancy and admissibility of evidence." United States v. Jiminez, 487 F.3d 1140, 1145 (8th Cir. 2007) (internal quotation marks omitted).  Only relevant evidence is admissible in a trial.  Fed. R. Evid. 402.  Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.

-14-

"The threshold for relevance is quite minimal." United States v. Holmes, 413 F.3d 770, 773 (8th Cir. 2005) (internal quotation marks omitted). Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. We reverse only if there is an abuse of the trial court's discretion. United States v. Nelson, 988 F.2d 798, 805 (8th Cir. 1993).

The district court did not abuse its discretion in admitting this evidence. Serr's testimony helped the Government to establish Eaton suffered serious bodily injury, an element of one of the crimes with which he was charged. Farlee would not stipulate Eaton suffered serious bodily injury, and requested a lesser-included offense instruction that did not require serious bodily injury. To demonstrate Eaton in fact sustained serious bodily injuries, Serr testified to Eaton's condition in the hospital, and the changes in his condition after the assault as compared to before. Having reviewed the record, we conclude the district court did not abuse its discretion in determining this testimony was relevant and not so cumulative of other testimony or so prejudicial such that it necessitated exclusion.

## F. Leading Questions

Farlee finally argues the district court abused its discretion in permitting the Government to use leading questions during its direct examination of Leslie Oakie, providing the basis for a mistrial. We defer to the trial court in determining when leading questions are necessary, and review for abuse of discretion. United States v. Stelivan, 125 F.3d 603, 608 (8th Cir. 1997). While leading questions are generally not permitted during direct examination, Federal Rule of Evidence 611(c) permits the district court to allow leading questions when necessary to develop testimony. In this case, the district court allowed the Government to ask leading questions, noting Oakie was hesitant in responding and lengthy delays preceded the answers. Trial Tr. 194,

557. We are satisfied the district court did not abuse its discretion in allowing the Government to use leading questions in this examination. Having determined that there was no error in the district court's rulings under Rule 611, we reject Farlee's argument that the use of leading questions formed the basis for a mistrial.

## III.

Accordingly, we affirm Farlee's conviction.

COLLOTON, Circuit Judge, concurring in part and concurring in the judgment.

I join the opinion of the court except for the discussion of harmless error in Part II.C, which resolves a close issue that is unnecessary to the decision.

_____