[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13285
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00025-MEF-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY CORNELL TERRY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 24, 2015)

Before HULL, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jimmy Cornell Terry appeals the district court's revocation of his supervised release and imposition of a 24-month sentence, the statutory maximum, which he received based upon the terms of release the court found he violated.  After careful review, and for the reasons below, we affirm.

I.

In May 2012 Mr. Terry pled guilty to one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250.  He received a prison sentence to be followed by 12 years of supervised release.  As relevant here, under the terms of his supervised release, Mr. Terry was prohibited from committing any federal, state, or local crime, and he was required to notify his probation officer within 72 hours of any arrest.  In September 2012, Mr. Terry began his term of supervised release.  Less than five months later, on January 31, 2013, Mr. Terry's probation officer petitioned the district court for revocation of Mr. Terry's supervised release, alleging that Mr. Terry committed five violations of the terms of his supervised release:  (1) an arrest for and charge of domestic violence on January 26, 2013; (2) a charge of domestic violence on January 29, 2013; (3) a charge of violating Alabama's identification requirement for convicted sex offenders; (4) a charge of failure to register as a convicted sex offender (specifically, by living at a location at which he was not registered); and (5) failure to notify his probation officer of his arrest within 72 hours.  The district court conducted a revocation hearing on July

2

17, 2014.  At the hearing, Mr. Terry admitted the first two violations.  The court dismissed the third but found by a preponderance of the evidence that Mr. Terry had committed the fourth and fifth violations.  The court sentenced Mr. Terry to 24 months' imprisonment, the statutory maximum,[1] to be followed by a lifetime term of supervised release.  Mr. Terry now appeals.

## II.

Mr. Terry argues the district court erred in determining he violated the terms of his supervised release by failing to report his arrest to his probation officer and by residing at an unapproved address.  To revoke a defendant's term of supervised release, the district court must find by a preponderance of the evidence that he violated one or more conditions of his supervised release.  *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (citing 18 U.S.C. § 3583(e)(3)).  We review the district court's revocation decision for an abuse of discretion, *id.*, accepting the district court's findings of fact unless they are clearly erroneous.  *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).  When the evidence could give rise to two reasonable but different factual constructions,

---

[1] Under 18 U.S.C. § 3583(e)(3), the maximum term of imprisonment Mr. Terry could serve for the violations the district court found he committed was two years.  *See* 18 U.S.C. § 3583(e)(3) (setting a two-year maximum sentence for Class C felonies and a one-year maximum for lesser felonies); Ala. Code § 15-20A-10(j) (making failure to register as a sex offender a Class C felony); *id.* § 13A-6-132(a)-(d) (making the domestic violence charges for which Mr. Terry was arrested a Class A misdemeanor or, for a third domestic violence charge, a Class C felony).

the district court's choice between those two constructions is not clearly erroneous. *See United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

Mr. Terry's terms of supervised release included a statement that "the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer . . . ."  At the revocation hearing, Mr. Terry's probation officer Chris Robertson testified that Mr. Terry never contacted him about the domestic violence arrest.  Instead, Mr. Robertson testified, Mr. Terry's brother and mother notified him of the arrest.  The district court concluded that Mr. Terry violated this term of release because, although Mr. Robertson was notified of the arrest, Mr. Terry did not personally provide notice. Mr. Terry contends his family's notification was sufficient, but we cannot say the district court's literal interpretation of the term of supervised release, requiring "the defendant" to notify Mr. Robertson, was clearly erroneous.  *See Almand*, 922 F.2d at 318.  The district court, therefore, did not err in determining Mr. Terry violated this term of supervised release.

Pursuant to his judgment of conviction, Mr. Terry was also subject to revocation of supervised release if he "commit[ed] another federal, state or local crime."  Section 15-20A-10(b) of the Alabama Code requires sex offenders to register with local law enforcement any time they establish a new residence.  A location is a "residence" under the Alabama Code if the offender resides there for

4

three or more consecutive days or 10 or more aggregate days during a calendar month.  *Id.* § 15-20A-11(e).  Violating the registration requirement is a felony under Alabama law.  *See id.* § 15-20A-10(j).

During the revocation hearing, Mr. Terry's counsel entered into evidence the transcript of a state court's April 2013 probation revocation hearing based on the same arrest at issue here.  At that hearing, Mr. Terry's girlfriend Dorothy Spivey testified that Mr. Terry sometimes would "come and stay two or three days a week" from "September 2012 to January 2013."  Mr. Terry's son testified that his father began staying at Ms. Spivey's house "a couple days after he got out of jail" and stayed there "sometimes two or three days a week."  The government also called a local police sergeant who was familiar with Mr. Terry, Christ Hurley, to testify at the district court's revocation hearing.  Sergeant Hurley testified that, in 2012, Mr. Terry expressed a desire to reside at Ms. Spivey's house; in January 2013, Ms. Spivey stated that Mr. Terry had stayed with her "one to three days" a week since his release from prison; and also in January 2013, Mr. Terry and Ms. Spivey's daughter Carlisia Doster stated that Mr. Terry had been staying with Ms. Spivey.  In response to Sergeant Hurley's testimony, the defense introduced an affidavit from Ms. Spivey in which she stated:  "Sometimes [Mr. Terry] spent the night, but he never stayed more than a day or two before he would go back to his

5

brother's house.  He did not live with me.  He lived with his brother [at his approved residence] over in Dale County."

We conclude the district court heard sufficient evidence to find by a preponderance of the evidence that, by spending a significant number of nights away from his approved residence and at the home of his girlfriend, Mr. Terry established a new residence under the Alabama Code for which he failed to register.[2]  Mr. Terry contends Ms. Spivey's affidavit contradicts her testimony at the state revocation hearing and should have been credited over that testimony, but we do not see a necessary conflict.  There is no indication that, in stating that Mr. Terry "did not live" with her, Ms. Spivey knew the Alabama Code's specific definition of residence and meant to state Mr. Terry's occupation of her home did not meet that definition.  Her affidavit otherwise confirms the substance of her state court testimony:  Mr. Terry sometimes stayed at her home for a couple of days at a time.  The district court took this testimony, in addition to that of Mr. Terry's son, to indicate that Mr. Terry stayed at Ms. Spivey's home at least 10 days in a month between his release from prison and his arrest.  Based on the testimony described above, we conclude the district court's finding was not clearly

_____

[2] The district court apparently misspoke in making this finding, stating that Mr. Terry resided at Ms. Spivey's home "more than 10 consecutive days and three or more days between September 11, 2012, and . . . January 26, 2013," rather than three consecutive days or more than 10 total days.  Neither party asserts this actually was the court's finding, however, and we are satisfied that it was merely a mistake.

erroneous.[3]   Thus, the court was within its discretion to sentence Mr. Terry based on a violation of the term of his supervised release that he must not commit any crime.  *See Almand*, 922 F.2d at 318.

## III.

Mr. Terry's final contention is that his 24-month sentence, the statutory maximum for the violations with which he was charged, is substantively unreasonable.  We review the reasonableness of a sentence, including one imposed upon the revocation of supervised release, for an abuse of discretion.  *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  When imposing a sentence for violating terms of supervised release, a district court must consider the factors delineated in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes by the defendant, and to provide the defendant with needed educational or vocational training; and the kinds of sentences available and established sentencing ranges.  *See* 18 U.S.C. § 3553(a)(1)-(5).  The weight to be accorded any given factor generally is committed to the sound discretion of the

---

[3] The state court's finding that there was insufficient evidence from which to conclude Mr. Terry resided at Ms. Spivey's home within the meaning of the Alabama Code does not persuade us otherwise.  The district court's construction of the evidence was reasonable, and we do not require it to be the only plausible interpretation.  *See Almedina*, 686 F.3d at 1315.

district court.  *United States v. Dougherty*, 754 F.3d 1353, 1361-62 (11th Cir. 2014).  A district court abuses its discretion by failing to afford consideration to relevant factors that were due significant weight, giving significant weight to an improper or irrelevant factor, or by committing a clear error of judgment in considering the proper factors.  *Irey*, 612 F.3d at 1189.

Mr. Terry argues the district court abused its discretion in imposing the statutory maximum sentence by giving too much weight to his criminal history — the court emphasized that Mr. Terry had been arrested for 62 offenses during his adult life and was "not learning [his] lesson" — and to his problems with alcohol, while affording too little weight to other factors, such as the need to provide educational or vocational training.  We disagree.  First, although Mr. Terry argues to the contrary, ample evidence in the record supported the district court's reliance on Mr. Terry's problems with alcohol in imposing an appropriate sentence.  Ms. Spivey's testimony at the state court revocation hearing, entered into evidence in this case, included that Mr. Terry's arrest for domestic violence occurred after he choked his son because he was drunk.   The probation office's presentence investigation report ("PSI") contained Mr. Terry's admission that he often got into fights while he was drinking but refused to seek treatment.  The PSI also indicated that Mr. Terry's mother said he had a drinking problem.  These facts, part of Mr. Terry's history and characteristics, properly were considered under § 3553(a).

8

Also contrary to Mr. Terry's contention, the district court considered a number of additional factors before imposing the sentence. The court stated that it needed to impose a sentence that would protect the public from any future criminal activity by Mr. Terry. And the court told Mr. Terry that its sentence needed to be appropriately tailored to "a number of factors, both for your benefit and society's benefit." Thus, it is clear that the district court considered a number of factors in arriving at an appropriate sentence, and we cannot say that the court's heavy reliance upon Mr. Terry's history and characteristics in this case was unreasonable. *See Dougherty*, 754 F.3d at 1361-62.

## IV.

For the foregoing reasons, we affirm the district court's revocation of Mr. Terry's supervised release and the sentence it imposed.

**AFFIRMED.**