# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 16-1398

———————————————

United States of America

*Plaintiff - Appellee*

v.

Juan L. Long

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: September 23, 2016
Filed: December 8, 2016

——————————

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

——————————

BENTON, Circuit Judge.

In 2012, Juan L. Long pled guilty to being a felon in possession of a firearm. He was sentenced to 30 months' imprisonment and three years of supervised release.

In 2016, the district court[1] revoked his supervised release, imposing a sentence of 24 months followed by a year of supervised release. Long appeals, asserting insufficiency of the evidence and an abuse of discretion in denying a continuance. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Long's original conviction followed his arrest for driving while intoxicated. The district court varied below the guideline range because Long said he had changed and would not drive around with weapons while drinking. Conditions of supervised release included not possessing alcohol or firearms, unlawfully using controlled substances, or committing another crime.

Just over a month into Long's supervised release, a police officer stopped a van registered to Long for multiple traffic violations. The driver initially gave the officer a false name. Long was the only passenger. The officer noticed an open can of beer "on the floor . . . toward the passenger side."

After arresting the driver for giving a false name, the officer arrested Long for an open-container violation. The officer searched the vehicle, finding an additional open can of beer "directly next to the passenger seat on the left side of the seat" and a gun under the passenger seat. The passenger seat was enclosed on both sides. The gun was accessible only from behind the seat or from the front, where a piece of carpet hung down "like a curtain over the front of the seat."

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

The district court held a revocation hearing to determine whether Long had violated the terms of supervised release by possessing alcohol and a firearm, and by using cocaine—for which he tested positive.

At the hearing, Long moved for a continuance because he had developed Methicillin-resistant Staphylococcus aureus and undergone emergency head surgery six weeks earlier. With his head still bandaged from the surgery, he testified that he was still having headaches and not getting pain medication. According to defense counsel, Long was having difficulty thinking and had previously been planning to testify on the merits.

The district court denied the continuance and found that Long had violated the conditions of supervised release by possessing a firearm, possessing alcohol, and using cocaine. The most serious violation (grade B), combined with his criminal history, gave a guideline range of six-to-twelve months. The district court noted its previous leniency based on Long's promise of change, and his similar conduct the month after release. The court sentenced him to the statutory maximum of 24 months, followed by a year of supervised release.

II.

A district court may "revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Boyd*, 792 F.3d 916, 919 (8th Cir. 2015). This court reviews for abuse of discretion a revocation of supervised release, and for clear error "subsidiary factfinding as to whether or not a violation occurred." *Id.* A revocation is reversed only if this court has "a definite and firm conviction that the District Court was mistaken." *Id.*

A.

Long disputes the sufficiency of the evidence that he possessed a firearm. In revocation proceedings, a court finds facts by a preponderance of the evidence. *Id.* A court need not apply the usual rules of evidence and may consider "material that would not be admissible in an adversary criminal trial." *United States v. Zentgraf*, 20 F.3d 906, 909 (8th Cir. 1994), *quoting Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

Under the terms of supervised release, Long was prohibited from possessing a firearm. A firearm may be possessed constructively, meaning an individual, "though lacking [ ] physical custody, still has the power and intent to exercise control over the object." *Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015).

To constructively possess the gun, Long must have known it was located under his seat. He argues there was no evidence of his knowledge because a piece of carpet covered the area where the gun was located and the officer did not see him move toward the area under his seat in order to conceal the gun. He contends that because the officer did not know the extent of the driver's control of the van, Long jointly occupied the van, and thus "there must be some additional nexus linking the defendant to the contraband." *United States v. Wright*, 739 F.3d 1160, 1168 (8th Cir. 2014).

Long invokes a Tenth Circuit case, holding, "Mere dominion or control over" a jointly occupied place is, by itself, "insufficient to establish constructive possession." *United States v. Mills*, 29 F.3d 545, 550 (10th Cir. 1994). There, another individual concealed her guns in a piece of furniture—owned by her—located in a jointly occupied area of the defendant's house without his knowledge and contrary to his instructions. *Id.* at 546.

Here, Long's asserted "mere presence as a passenger" was not the only evidence of Long's knowledge. Long owned the van, and the gun was much more accessible to him than the driver. The district court was also aware, from its own prior sentencing, that he had been caught drinking and driving with a gun.

Though the officer noticed no furtive movement, this is at best neutral evidence of an absence of knowledge. The lack of furtive movement and the fabric obscuring the gun are consistent with an attempt to avoid being caught with the gun by hiding it and not calling attention to its location.

Since Long owned the vehicle, was sitting above the gun, and had a history of similar behavior, the district court did not clearly err in finding constructive possession of the gun.

B.

Long believes that the denial of his motion for continuance prevented him from presenting an adequate defense. A district court has broad discretion on requests for continuances, which "generally are not favored and should be granted only when the party requesting one has shown a compelling reason." *United States v. Vesey*, 330 F.3d 1070, 1072 (8th Cir. 2003). This court reverses a denial of continuance only if the district court abused its discretion and the moving party was prejudiced. *United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014).

According to Long, because he had emergency head surgery and was still suffering headaches and effects on his cognitive abilities, he could not participate in his own defense or potentially testify. However, Long was able to understand and respond to the court's questioning about his medical treatment. Long described the circumstances and timing of his surgery six weeks earlier. Asked whether the surgery affected his ability to think, he said he was having headaches and the prison would

not supply pain medication. Though defense counsel asserted that Long's headaches affected his ability to participate in his defense and testify, at no point did Long himself state that his headaches prevented him from adequately participating.

Long argues that the district court was predisposed to disbelieve him, citing as evidence the court's description of the need to place Long under oath about the details of his medical treatment. Addressing the reliability of the medical information, the district court stated that it would take as true any facts that defense counsel, as an officer of the court, knew first-hand. However, the district court did not give the same credence to Long's second-hand statements, giving unsworn information "the weight that it deserves." This does not demonstrate a predisposition. In fact, immediately before Long was placed under oath, the district court stated: "I don't know if I'm going to continue this." Rather than close-mindedness, the district court's comments demonstrate emphasis on the reliability of sworn testimony.

At the hearing, Long demonstrated an ability to understand and respond appropriately to the court's questioning, and to articulate his medical issues, including the details and timing of his treatment. The district court did not question the facts of the treatment, but still did not "believe that you are suffering so much you can't participate in this hearing." Long fails to show he was unable to participate in his own defense and thus does not present a compelling reason for a continuance. ***Vesey***, 330 F.3d at 1072. The district court did not abuse its discretion in denying the continuance.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____