# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2145

_____

United States of America

*Plaintiff - Appellee*

v.

Danny G. Wolfe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 13, 2018
Filed: May 9, 2018
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Danny G. Wolfe appeals a district court[1] order sentencing him to eighteen months of imprisonment for violating the terms of his supervised release. We affirm.

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

On May 24, 2005, the district court sentenced Wolfe to one hundred eighty months of imprisonment, followed by supervised release for life, based on his guilty plea to child pornography offenses. He was released to supervision on February 17, 2017. After about three weeks, Wolfe's probation officer contacted Wolfe and learned that he possessed a computer (a smart phone), which violated the terms of his supervised release. Five days later, Wolfe's probation officer and another probation officer visited Wolfe's residence and discovered that he still had a smart phone. Wolfe admitted to having adult pornography on the smart phone, which also violated the terms of his supervised release. In the district court's revocation hearing, Wolfe admitted to possessing an unauthorized computer–the smart phone–and pornography.[2]

The district court imposed a sentence of eighteen months, which was higher than the advisory range of four to ten months, citing a need for specific deterrence and the protection of society. The district court expressed concern that Wolfe used a smart phone and possessed pornography less than a month after his release and continued using the smart phone despite a warning from his probation officer. The district court also agreed with the government that some graphic letters Wolfe wrote on his smart phone about a past victim were "troubling." Wolfe argues on appeal that the district court erred in relying on the letters, which were allegedly part of his therapy and were not one of the stipulated violations at issue.

We review revocation sentences under the same deferential abuse of discretion standard that we apply to initial sentencing proceedings. *United States v. Richey*, 758

---

[2]The April 4, 2017 Violation Report alleged violations of two computer-related special conditions, and the judgment below lists the wrong one as admitted. Wolfe admitted to violating the special condition that he "shall not possess any computer" but denied possessing "any computer or electronic device with access to any 'on-line computer service.'" Because the two violations are the same grade, and because there is no reliance on access to an online computer service in the sentence, the error in the judgment is harmless.

F.3d 999, 1001 (8th Cir. 2014). We must ensure that the district court committed no significant procedural error and that the sentence was substantively reasonable. *Id.*

Contrary to Wolfe's argument, the district court did not commit procedural error in considering the letters. It is well established that, at sentencing, "[a] court need not apply the usual rules of evidence and may consider 'material that would not be admissible in an adversary criminal trial.'" *United States v. Long*, 843 F.3d 338, 341 (8th Cir. 2016) (quoting *United States v. Zentgraf*, 20 F.3d 906, 909 (8th Cir. 1994)). There was nothing improper about reviewing the letters found on Wolfe's smart phone at sentencing since Wolfe's possession of the smart phone violated the terms of his supervised release. While Wolfe is correct that "a district court commits procedural error . . . by basing a sentence on unproven, disputed allegations rather than facts," *Richey*, 758 F.3d at 1002, that is not what occurred here. The district court did not make any findings based on the letters alone. Instead, it merely considered the fact that Wolfe wrote these letters as further evidence that his violations (possessing a smart phone and pornography) and their occurrence shortly after his release indicated a risk to society and a need for deterrence. This was procedurally proper.

The sentence is also substantively reasonable. We review a sentence for reasonableness in relation to the advisory sentencing range and the factors from 18 U.S.C. § 3553(a) as cited in 18 U.S.C. § 3583(e). *See United States v. Nelson*, 453 F.3d 1004, 1006 (8th Cir. 2006). "'A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009) (quoting *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008)). The district court considered the relevant factors here, and there is no indication it erred in weighing those factors. The pornography and computer special conditions were important in light of Wolfe's

original sexual offenses. His flagrant violation of both conditions less than a month after his release demonstrated that he needed deterrence from future wrongful conduct. Accordingly, the sentence of eighteen months of imprisonment was within the district court's discretion. We affirm.

_____