# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2780
_____

United States of America

*Plaintiff - Appellee*

v.

Melvin Nolan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: June 18, 2021
Filed: August 12, 2021
[Unpublished]
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Melvin E. Nolan violated his supervised release. The district court[1] sentenced him to 12 months and one day of imprisonment, followed by 12 months of

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

supervised release. Nolan appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Nolan was on supervised release for a 2003 conviction. In 2019, he violated his supervised release by using methamphetamine and traveling without authorization. He was ordered to complete a residential reentry program. After completing it, he again violated his supervised release by failing to live at his sister's house (his approved residence). In July 2020, after failed attempts to reach Nolan there, probation officers visited his sister's house. She said he had not come home for 24 days. His probation officer then discovered that he had received three traffic citations for driving without a valid license, a seatbelt, or insurance.

Nolan argues he did not actually violate his supervised release, but even if he did, the court's sentence is an abuse of discretion. "A district court may revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Long*, 843 F.3d 338, 340 (8th Cir. 2016). *See also* 18 U.S.C. § 3583(e)(3). "This court reviews for abuse of discretion a revocation of supervised release, and for clear error subsidiary factfinding as to whether or not a violation occurred." *Long*, 843 F.3d at 340. "A revocation is reversed only if this court has a definite and firm conviction that the District Court was mistaken." *Id.* at 340-41.

The district court did not clearly err in finding that Nolan violated his supervised release. He admits receiving three traffic citations and not telling his probation officer.

Citing no authority, Nolan argues that his residence never changed, although he was often staying elsewhere. The terms of his supervised release required him to "notify the probation officer ten days prior to *any change* in residence." (Emphasis added.) Though he disputes the length of his absence, he concedes it was at least 14 days, and the district court found it was 24 days. The district court did not clearly err by finding this constituted a change to his residence. *Cf. United States v. Terry*, 605 Fed. Appx. 808, 811 (11th Cir. 2015) (per curiam) ("We conclude the district court heard sufficient evidence to find by a preponderance of the evidence that, by

spending a significant number of nights away from his approved residence and at the home of his girlfriend, [the defendant] established a new residence under the Alabama code for which he failed to register.").

The court's within-guidelines sentence was not unreasonable. *See United States v. DeMarrias*, 895 F.3d 570, 573-74 (8th Cir. 2018) (sentence is unreasonable "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors"); *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("If the defendant's sentence is within the Guidelines range, then we may but [are] not required to, apply a presumption of reasonableness." (alteration in original) (internal quotations and citations omitted)). Nolan had already violated his supervised release twice in 2019. The district court was entitled to conclude that the latest violations were serious, outweighing Nolan's employment, current abstention from drugs, or the reasons for his violations. *See* 18 U.S.C. § 3583(e), *citing* § 3553(a)(1) (directing courts to consider the "history and characteristics of the defendant" when sentencing).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____