# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3675
_____

United States of America

*Plaintiff - Appellee*

v.

John Emanuel DeMoss

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: December 13, 2021
Filed: January 24, 2022
[Unpublished]
_____

Before LOKEN, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

The district court[1] found that John DeMoss possessed and used a controlled substance and then knowingly brought it into an Iowa jail. He argues that he did not do any of these things and should remain on supervised release. We affirm.

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

While staying at a residential reentry center, DeMoss knew the rules: no controlled substances. So it was "odd" when he was seen "walk[ing] down the hallway slowly," "staggering back and forth," with his eyes "half closed." A reentry-center officer who had seen DeMoss act this way before patted him down.

What the officer found was a "half[-]burnt" "cigarette" with a "green, leafy substance," which he believed was a synthetic cannabinoid called "K2." A trash can "full of loose tobacco" in DeMoss's room led him to conclude that DeMoss had removed the tobacco from the cigarette and replaced it with K2. Later that day, when DeMoss arrived at jail, a deputy discovered that he had more K2, this time in a baggie hidden in his underwear.

At a revocation hearing, the district court found that DeMoss had possessed and used a controlled substance; violated the reentry center's rules; and broke Iowa law by knowingly bringing drugs with him to jail, *see* Iowa Code § 719.7(3)(a). He also admitted to failing to provide a urine sample, which together with the other violations led the court to impose a 24-month prison sentence.

On appeal, DeMoss's position is that, except for the violation he admitted, none of the others were proven by a preponderance of the evidence. *See United States v. Boyd*, 792 F.3d 916, 919 (8th Cir. 2015). Our task is to figure out whether any of these findings were clearly erroneous. *See United States v. Long*, 843 F.3d 338, 340 (8th Cir. 2016).

We conclude they were not. Although the "green, leafy substance" in the cigarette was never tested, the district court could infer that it was K2. After all, the court heard from an experienced officer that DeMoss appeared to be under the influence of drugs. And then the same officer described how he had found the half-burnt cigarette during the pat down and a bunch of loose tobacco in DeMoss's trash can. The court was entitled to rely on the officer's conclusion, based on his training and experience, that the substance in question was K2. *See United States v. Smith*, 576 F.3d 513, 516 (8th Cir. 2009) ("[A]ssessing a witness's credibility is a duty for

-2-

the district court, and its assessment is virtually unreviewable on appeal." (quotation marks omitted)).

The same goes for the finding that DeMoss knowingly introduced K2 into the jail. *See* Iowa Code § 719.7(3)(a). The district court did not have to check its common sense at the door. It could reasonably conclude that people usually know what is in their underwear.

We accordingly affirm the judgment of the district court.

_____