# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3468

_____

United States of America

*Plaintiff - Appellee*

v.

Wesley Robert Warren

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 13, 2022
Filed: August 5, 2022
[Unpublished]

_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Wesley Warren severely injured a man when he dropped a 42-pound cinderblock on his head during a fist fight. Warren was convicted of assault with a deadly weapon, 18 U.S.C. §§ 113(a)(3), 1151, 1153(a), and assault resulting in serious bodily injury, 18 U.S.C. §§ 113(a)(6), 1151-, 1153(a). He appeals, arguing

that the district court[1] erred by refusing to give his requested self-defense jury instruction. We affirm.

## I.

After a day of drinking, Warren and his cousin went to a neighbor's house on the White Earth Reservation to buy drugs. As they were leaving, Robin Heinonen arrived. Heinonen had suffered a head injury the year before, which reportedly caused a personality change—afterward, he suffered from bouts of irritability and anger. According to witnesses, Warren and his cousin spoke with Heinonen briefly before Heinonen suddenly pushed Warren and began punching him. A fight ensued, and Heinonen ended up on the ground. Warren then grabbed a 42-pound cinderblock and heaved it toward Heinonen. The cinderblock landed on his head, seriously injuring him.[2]

Warren was charged with assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury, and robbery.[3] At trial, Warren claimed self-defense. He testified that he thought Heinonen was going to kill him because Heinonen was "bigger and stronger." On cross-examination, Warren admitted that Heinonen did not have a weapon, but maintained that Heinonen could "easily" kill him without one.

Before trial, the parties submitted proposed jury instructions. The Government objected to Warren's instruction on self-defense. Warren wanted it to include a section stating: "Nor is it required that the aggressor be armed in order for the defendant to raise the defense of self-defense or defense of another. Though whether he was armed is a factor when considering the degree of force the defendant

---

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

[2]At the time of trial, Heinonen was still unable to walk, talk, or take care of his basic needs.

[3]The robbery charge stems from Heinonen's missing wallet and a witness report that Warren patted Heinonen's pockets after dropping the cinderblock on him.

was entitled to use." The district court declined Warren's request, stating that while the instruction correctly explained the law, it could potentially confuse the jury and the model jury instructions "covered the theory of the case." The jury found Warren guilty of assault with a deadly weapon and assault resulting in serious bodily injury, and he appealed.

II.

We review a district court's refusal to provide a requested jury instruction for abuse of discretion. United States v. King, 898 F.3d 797, 807 (8th Cir. 2018). A defendant is entitled to his requested instruction if it is (1) timely, (2) a correct statement of law, and (3) supported by the relevant evidence in the case. Id. But "a defendant is not entitled to a particularly worded instruction where the instructions given by the trial judge adequately and correctly cover the substance of the requested instruction." United States v. Farlee, 757 F.3d 810, 817 (8th Cir. 2014) (citation omitted).

We find no error in the district court's self-defense instruction. The court gave the Eighth Circuit model jury instruction, which states that a defendant acts in self-defense if he "reasonably believes that force is necessary to protect himself from what he reasonably believes to be an unlawful physical harm about to be inflicted by another and uses such force." D. Ct. Dkt. 121 at 582; accord Eighth Cir. Manual of Model Jury Instructions (Crim.) 9.04 (2018). It further instructed the jury that "self-defense involving force likely to cause death or great bodily harm is justified only if the person reasonably believes that such force is necessary to protect himself from what he reasonably believes to be a substantial risk of death or great bodily harm." See id. That adequately covered Warren's theory of self-defense. Although Heinonen's lack of a weapon was brought up by the prosecution, it was not a "substantial portion" of the case. Farlee, 757 F.3d at 818. And the district court expressly allowed Warren to tell the jury that self-defense could apply, even if Heinonen was unarmed. Because there was no abuse of discretion, we affirm.

_____