UNITED STATES of America, Appellee,

v.

**James W. RANDAHL, Appellant.**

No. 83–1827.

United States Court of Appeals,
Eighth Circuit.

Aug. 1, 1983.

Joseph S. Friedberg, Minneapolis, Minn., for appellant.

Daniel W. Schermer, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

This matter comes before this Court on a motion by the government to dismiss the appeal of James W. Randahl from an order

of the district court denying the government's motion to dismiss an original indictment, pursuant to the terms of a negotiated plea agreement. The government has also petitioned this Court for an order appointing amicus curiae to represent the views of the district court.

Randahl was originally indicted for possession of cocaine with intent to distribute, tax evasion, and conspiracy to defraud the Internal Revenue Service. The first plea agreement between the government and Randahl provided that Randahl would plead guilty to one tax count and one drug count with a limitation on the sentence of forty-two months, in exchange for which Randahl agreed that he would cooperate with the government and would testify in other cases as requested by the government. This agreement was informally tendered to the district court, which rejected it.

A second plea agreement was then negotiated, which provided that Randahl would plead guilty to a superseding information charging a violation of 21 U.S.C. § 843(b), a four-year felony, and would cooperate with police even if the district court rejected the amended plea and an appeal followed. In exchange, the government agreed to move to dismiss the original indictment. The district court refused to let the superseding information be filed, and refused to accept the plea agreement, finding that the agreement was clearly contrary to manifest public interest. This appeal followed.

We need not reach the question of whether an amicus should be appointed to present the district court's views on the plea agreement in this case, because we find that this appeal is frivolous. The district court is under no duty to approve a negotiated plea agreement. *United States v. Petty*, 600 F.2d 713, 713–714 (8th Cir. 1979); *In re Yielding*, 599 F.2d 251, 253 (8th Cir.1979). Accordingly, Randahl's appeal from the district court's order denying the government's motion to dismiss the original indictment is hereby dismissed.