UNITED STATES of America, Appellee,

v.

Milford Eugene SLADER, Appellant.

No. 85–5438.

United States Court of Appeals,
Eighth Circuit.

Submitted April 17, 1986.

Decided May 27, 1986.

Rehearing Denied June 26, 1986.

David L. Bergren, Fort Pierre, S.D., for appellant.

John J. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

Following trial by jury in the United States District Court for the District of South Dakota, Milford Eugene Slader was convicted of first degree murder in violation of 18 U.S.C. §§ 1153 and 1111.[1] As grounds for reversal on appeal, Slader contends that the court erred in not suppressing his statement to an F.B.I. agent, in admitting into evidence the testimony of two witnesses, in failing to approve a plea bargain, and in not granting his motions for judgment of acquittal. We affirm.

Late in the afternoon of April 20, 1985, Slader, his wife Eileen, their son, and his brother Donald Slides Off arrived at the home of Elsie Slides Off, the mother of Milford and Donald, in Thunder Butte, South Dakota. Slader was intoxicated and Elsie Slides Off soon left due to his conduct. Shortly afterward, Slader obtained a rifle from Elsie Slides Off's house, shot and killed his wife, and shot himself in the chest.

■ Slader first contends that the trial court erred in not suppressing his statement and in not excluding the testimony of Adrian Logg and Natalie Tin Cup as "fruit of the poisonous tree" and as inadmissible evidence of prior bad acts. The circumstances surrounding Slader's statement are disturbing to say the least. Slader was interviewed by an F.B.I. agent the morning after the shooting. At that time, he was in an intensive care ward recovering from severe intoxication and a self-inflicted gunshot wound to the chest. His pain was being treated with either Demerol or Percodan, both of which are very strong medicine. The damaging portions of Slader's statement related to his marital difficulties.

Slader claims that he was not capable of knowingly making a voluntary statement and that the statement was therefore obtained in violation of his constitutional rights. He further claims that government witnesses Logg and Tin Cup were discovered as a direct result of his statement, and that their testimony was the "fruit of the poisonous tree" as well as inadmissible evidence of prior bad acts. The trial court reserved ruling on the admissibility of Slader's statement without addressing the voluntariness question and it overruled Slader's "fruit of the poisonous tree" objection without stating its reasons. We therefore do not have the benefit of the trial court's reasoning in any of these matters.

1. The Honorable Donald J. Porter, United States District Judge, District of South Dakota, sentenced Slader to life imprisonment.

As indicated, we fear that in the circumstances the F.B.I. agent may well have exhibited very poor judgment in obtaining Slader's statement when he did. However, we are persuaded that any error by the court in dealing with the statement and the testimony of Logg and Tin Cup was harmless beyond a reasonable doubt. A compelling reason for our holding is that even absent the challenged statement and testimony, the evidence of Slader's guilt is overwhelming.[2] When we consider in addition the fact that Slader's statement was never used or offered into evidence by the government during trial, we are convinced that Slader was not prejudiced by the statement itself. Therefore any error in the trial court's failure to suppress Slader's statement was harmless beyond a reasonable doubt. *See United States v. Resnick,* 745 F.2d 1179, 1187 (8th Cir.1984) (where illegally obtained confession was never offered into evidence and government's case was sufficient to support conviction, court found that any constitutional violation in obtaining confession was harmless beyond a reasonable doubt). Logg and Tin Cup testified to a prior incident which indicated that Slader and his wife were having marital difficulties. This testimony was somewhat cumulative and, in light of the strength of the government's case, was not prejudicial. Thus, any error in the court's refusal to exclude the testimony of Logg and Tin Cup was harmless beyond a reasonable doubt. *See Johnson v. Nix,* 763 F.2d 344, 346–47 (8th Cir.1985) (where challenged testimony was merely cumulative and government's case was strong, any

error in evidentiary ruling was harmless beyond a reasonable doubt).[3]

■ Slader next argues that the trial court erred in denying his motions for judgment of acquittal made at the close of the government's case and at the close of all evidence.[4] Slader contends that the evidence was insufficient to support a finding of premeditation, an element of first degree murder under 18 U.S.C. § 1111(a). "Evidence is sufficient to convict if, when viewed in the light most favorable to the jury verdict, there is substantial evidence to support it." *United States v. Drape,* 753 F.2d 660, 663 (8th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 71, 88 L.Ed.2d 58 (1985).

In *United States v. Blue Thunder,* 604 F.2d 550 (8th Cir.), *cert. denied,* 444 U.S. 902, 100 S.Ct. 215, 62 L.Ed.2d 139 (1979), we noted that one of the categories of premeditation evidence is "facts about the *nature of the killing* from which it may be inferred that the manner of killing was so particular and exacting that the defendant must have intentionally killed according to a preconceived design. (Emphasis in original.)" *Id.* at 553 (quoting W. LaFave & A. Scott, Jr., Criminal Law § 73 at p. 564 (1972)). We also noted that proof of premeditation did not require the government to show that the defendant deliberated for any particular length of time. *Id.* at 553.

In spite of eyewitness testimony that Slader shot his wife only once, autopsy evidence proved that Slader shot his wife twice in the back of the head. The murder weapon was a bolt action .22 caliber rifle that Slader obtained from his mother's resi-

---

**2.** Sufficiency of the evidence alone, however, is not enough for a finding of harmless error. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.
*Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).

**3.** While we note that independent or inevitable discovery might have been a sound basis for the court's overruling of Slader's "fruit of the poi-

sonous tree" objection, in light of our finding of harmless error we see no reason to speculate on the court's reasoning.

**4.** Slader also argues that the court erred in not approving a plea agreement arranged with the government. We have held that a trial court is under no duty to approve a plea agreement and we find no abuse of discretion in the court's action here. *See United States v. Randahl,* 712 F.2d 1274, 1275 (8th Cir.1983); *United States v. Petty,* 600 F.2d 713, 713–14 (8th Cir.1979); *In re Yielding,* 599 F.2d 251, 252–53 (8th Cir.1979).

dence near the scene of the shooting. There is some indication that the gun commonly was kept unloaded. Assuming that Slader's state of intoxication along with some other facts may have raised a question as to his intent and premeditation, it is clear that someone loaded the gun and that Slader cocked it at least two and perhaps three times in the course of shooting his wife and himself. Moreover, the physical facts indicate that the wife was not shot at pointblank range. When viewed in a light most favorable to the verdict, we find that this evidence was sufficiently substantial to support a finding of premeditation. We therefore conclude that the trial court did not err in denying Slader's motions for judgment of acquittal.

Accordingly, we hold that the conviction of Milford Slader should be, and it is, affirmed.