# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3757
_____

United States of America

*Plaintiff - Appellee*

v.

Jaterrius Deivonte Greer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: October 17, 2022
Filed: January 13, 2023
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

LOKEN, Circuit Judge.

Jaterrius Greer pleaded guilty to being a felon in possession of ammunition found after he shot Tremain Rogers (T.R.) in a convenience store in Davenport, Iowa. Rogers recovered; both were separately prosecuted. Greer appeals his 120-month

sentence, arguing the district court[1] erred by cross-referencing to the base offense level for attempted first degree murder.

Section 2K2.1 of the advisory guidelines governs the base offense level for Greer's felon-in-possession offense. It provides that, "[i]f the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense . . . apply § 2X1.1 . . . if the resulting offense level is greater than that determined above." U.S.S.G. § 2K2.1(c)(1)(A). Section 2X1.1 provides: "When an attempt . . . is expressly covered by another offense guideline section, apply that guideline section." U.S.S.G. § 2X1.1(c)(1). Greer's revised PSR applied § 2X1.1 and cross-referenced to § 2A2.1, the guideline for attempted first degree murder. When combined with Greer's category IV criminal history, this resulted in an advisory guidelines sentencing range of 168 to 210 months' imprisonment, reduced to 120 months, the statutory maximum sentence for his offense of conviction. See 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(a).

Overruling Greer's objection to the attempted first degree murder cross-reference, the district court imposed a 120-month sentence. Describing Greer's conduct as "the offense of felon in possession of a firearm in perhaps its very most aggravated form," the court stated that it "would [have] impose[d] the same sentence regardless of how the guidelines were scored." Greer appeals, arguing the court erred in applying the attempted first degree murder cross-reference because he lacked the requisite mental state for attempted first degree murder and only shot T.R. in self-defense. Reviewing these findings of fact for clear error, we affirm. See United States v. Williams, 41 F.4th 979, 985 (8th Cir. 2022) (intent); United States v.

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, now retired.

Mattox, 27 F.4th 668, 676-77 (8th Cir. 2022) (self defense).  We also conclude any guidelines error was harmless.

## I. Background

On the evening of October 8, 2020, Davenport police officers responded to a shots-fired call near the Brady Mart convenience store.  Officers found Greer one block north of the Brady Mart, suffering from a gunshot wound to his pelvis.  Greer told police that a person shot him from a silver van that drove by with its doors open; he did not know who shot him or why.  Surveillance video recordings from Brady Mart told investigating officers a drastically different story.

In the video portions introduced at Greer's sentencing hearing, he is seen standing in the checkout line at Brady Mart when a man -- later identified as T.R. -- enters the store and joins the queue a few people behind Greer, wearing a black face mask and cradling a bulge in his black hooded sweatshirt pocket.  Greer spots T.R., shifts money to his left hand, retrieves a pistol from his waistline with his right hand, takes three steps forward and to the left, turns toward T.R., raises the pistol, and fires four shots at T.R. from about four to five feet away, striking him at least once.  Terrified bystanders dive to the floor or flee the store.  Two employees behind the counter lay on the floor; one raises his hands in a "surrender" posture.

The video then shows Greer moving towards the Brady Mart front door.  T.R., wounded, pulls a pistol from his sweatshirt pocket, scoots on the floor towards the back of the store, and fires at Greer.  Greer runs from the store, wounded by T.R., and is found by the police one block north of the Brady Mart.  Police recovered three Blazer 9-millimeter shell casings inside the front door of the Brady Mart and another just outside the front door.  Their location is consistent with Greer's movements in the video while shooting at T.R.  At his change-of-plea hearing, Greer admitted he

knowingly possessed the Blazer ammunition, knew it was manufactured outside of Iowa, and knew he had multiple prior felony convictions.

## II. The Cross-Reference Issue

In determining whether a cross-reference under U.S.S.G. § 2K2.1(c)(1)(A) is appropriate because Greer used ammunition in connection with the attempted commission of another offense, the initial question is whether the attempt "is expressly covered by another offense guideline section." § 2X1.1(c)(1). The attempted first degree murder guideline applies to "conduct that . . . would constitute first-degree murder under 18 U.S.C. § 1111." U.S.S.G. § 2A2.1 comment (n.1). Section 1111(a) provides:

> (a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated . . . from a premeditated design unlawfully and maliciously to effect the death of any human being . . . is murder in the first degree.

At sentencing, Greer argued that (i) the high speed at which the events of that evening unfolded precluded him from forming the intent and premeditation necessary for attempted first degree murder; and (ii) he knew "that something [was] about to go down" based on T.R.'s appearance and behavior and shot T.R. in self-defense. After further argument, the district court found, by a preponderance of the evidence, that "the probation office appropriately applied the cross-reference here, and there is absolutely no evidence of self-defense." Applying clear error review, we will reverse only if the "entire record definitely and firmly illustrates that the lower court made a mistake" in finding the malice aforethought and premeditation required for attempted first degree murder, and that the attempted murder was not justified by self-defense. See United States v. Clark, 999 F.3d 1095, 1097 (8th Cir. 2021) (quotation omitted).

**A. Intent and Premeditation.** Attempted first degree murder is the attempt to commit a "willful, deliberate, malicious, and premeditated killing." 18 U.S.C. § 1111(a). In other words, it requires the specific intent to kill. See United States v. Conley, No. 21-2094, 2022 WL 2979771, at *2 (8th Cir. July 28, 2022). Here, when T.R. entered the Brady Mart, Greer turned and fired at least four shots, striking T.R. at least once. "Ample case law" shows that shooting at a particular person, or a group of people, demonstrates a specific intent to kill. Id. at *2, and cases cited; see Williams, 41 F.4th at 986 (firing a gun nine times at close range, striking the target seven times). The district court did not clearly err in finding that Greer fired at T.R. with the intent to kill required for attempted first degree murder.

"[P]roof of premeditation [does] not require the government to show that the defendant deliberated for any particular length of time." United States v. Slader, 791 F.2d 655, 657 (8th Cir. 1986). Here, the video evidence shows that, when T.R. entered the Brady Mart, Greer looked at T.R. at least twice, changed his posture after recognizing T.R., shifted money to his left hand so he could reach for his pistol, turned to face T.R., raised the pistol, and started shooting. The district court did not clearly err in finding that Greer's swift but deliberate actions before shooting demonstrate that he acted with the requisite premeditation. Cf. Eighth Circuit Manual of Model Jury Instructions (Criminal) 6.18.1111A-2 (2021) (premeditation).

**B. Self-Defense.** "Self-defense as a justification for killing is not codified by federal statute, but is instead a 'basic right, recognized by many legal systems from ancient times to the present day.'" United States v. Tunley, 664 F.3d 1260, 1262 n.3 (8th Cir. 2012), quoting McDonald v. City of Chicago, 561 U.S. 742, 767 (2010). In criminal trials, federal courts usually look to state law to define the elements of self defense. These laws may vary but almost universally provide that "self defense which involves using force likely to cause death or great bodily harm is justified only if the person reasonably believes that such force is necessary to protect himself or

another person from what he reasonably believes to be a substantial risk of death or great bodily harm." United States v. Milk, 447 F.3d 593, 598 (8th Cir. 2006).

Here, Greer argues that he knew "something [was] about to go down," based on T.R.'s appearance and behavior, and therefore shot T.R. in self-defense. However, the security video shows that when Greer opened fire, T.R. was simply standing in the checkout line behind Greer. Thus, the evidence shows that Greer was the aggressor, initiating the assault with the intention of killing T.R. "This is inconsistent with a self-defense claim." Milk, 447 F.3d at 599; see Mattox, 27 F.4th at 676-77. That T.R. in fact had a gun in his sweatshirt pocket and no doubt entered the Brady Mart up to no good did not justify Greer's attempt to use deadly force, in the presence of innocent bystanders, before T.R. took any action likely to cause death or great bodily harm. The district court did not clearly err in finding "there is absolutely no evidence of self-defense."

**C. Harmless Error.** Alternatively, even if the district court committed clear error in cross-referencing to the attempted first degree murder guideline, we would conclude the error was harmless. An incorrect application of the sentencing guidelines is harmless error when the district court "specifically identifies the contested issue and potentially erroneous ruling, sets forth an alternative holding supported by the law and the record in the case, and adequately explains its alternative holding." United States v. Dean, 823 F.3d 422, 429 (8th Cir. 2016) (quotation omitted).

At sentencing, the district court discussed each of the relevant sentencing factors. See 18 U.S.C. § 3553(a). The court emphasized the seriousness of the offense, evidenced by the security video depiction of "the terror and the fear" on bystanders' faces as Greer opened fire in the confines of the Brady Mart convenience store. The court stated that this "wildly violent" and "wildly terrorizing" conduct justified the 120-month statutory maximum sentence. It twice repeated that it would

-6-

have "impose[d] the same sentence regardless of how the guidelines were scored." As in <u>Dean</u>, this careful and adequate explanation why the § 3553(a) factors justified a 120-month sentence renders any guidelines cross-referencing error harmless.

The judgment of the district court is affirmed.

_____