# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1260
_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Eugene Angel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: October 16, 2023
Filed: February 22, 2024

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Timothy Eugene Angel pleaded guilty to possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to ninety-six months of incarceration and three

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

years of supervised release. Angel appeals his sentence, arguing the district court erred in determining his offense level by applying the attempted murder cross-reference from the United States Sentencing Guidelines (USSG). We affirm.

I.

In the early morning of January 29, 2022, Angel, Leonard Fisher, and Tityana Woodland were at a club in Davenport, Iowa. While inside the club, Angel and Woodland got into an altercation and Woodland "pulled out a gun." Woodland and Fisher were then escorted outside by security. Angel walked out after them, crossed the street to his car, and then crossed back. Angel shot at Fisher, and Fisher returned fire. Angel fired five shots at Woodland and Fisher, hitting Fisher in the leg.

Angel was charged with, and pleaded guilty to, one count of possessing ammunition after having been convicted of a felony. On the basis that Angel used a firearm in connection with the offense of attempted murder when he fired shots outside the club, the Presentence Investigation Report (PSR) calculated his base offense level as 33 by applying the cross-reference under USSG § 2K2.1(c)(1)(A) (2021). Under that Guideline provision,

> If the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, . . . apply . . . § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined [under § 2K2.1].

USSG § 2K2.1(c)(1)(A). Section 2X1.1, in turn, provides that "[w]hen an attempt . . . is expressly covered by another offense guideline section, apply that guideline section." USSG § 2X1.1(c)(1). The guideline section applicable to attempted murder is § 2A2.1, which provides that the base offense level is "33, if the object of the offense would have constituted first degree murder." USSG § 2A2.1(a)(1). Because Angel's PSR applied § 2K2.1(c)(1)(A) and cross-referenced to §§ 2X1.1(c) and

2A2.1 (the Guideline for attempted first degree murder), his offense level was higher than it would have been without the cross-reference.

Angel objected. At sentencing, the government presented evidence in support of the cross-reference, including a surveillance video from a business near the club that captured Angel cross the street from the club to his car, cross back, and exchange fire with Fisher.

Relying on the evidence presented at sentencing and at Fisher's trial,[2] the district court found the following facts by a preponderance of the evidence: after the dispute inside the club, Angel opted to follow Woodland out of the club; after Angel ran across the street to his car, he fired the first shot and Fisher returned fire; and Angel shot Fisher. The district court expressly declined to find that Woodland pointed a gun at Angel outside the club, but noted that "even if she did, she then puts her arm back down . . . turns back around, and continues to walk away, in fact, runs away before [Angel] starts firing." Based on these findings, the district court overruled Angel's objection and applied the cross-reference.

II.

"We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error." United States v. Anwar, 880 F.3d 958, 971 (8th Cir. 2018) (quoting United States v. Miller, 511 F.3d 821, 823 (8th Cir. 2008)). "For sentencing purposes, the district court 'need only find facts . . . by a preponderance of the evidence,' and may consider any relevant information . . . 'provided that the information has sufficient indicia of reliability to support its probable accuracy.'" United States v. Clark, 999 F.3d 1095, 1097 (8th Cir. 2021)

---

[2]Fisher was indicted as Angel's codefendant. He was charged with, and found guilty of, possessing a firearm after having been convicted of a felony. The same district court judge that presided over Angel's sentencing presided over Fisher's trial. That trial was held approximately three weeks prior to Angel's sentencing hearing.

(first quoting United States v. Mann, 701 F.3d 274, 309 (8th Cir. 2012); and then quoting USSG § 6A1.3(a)). "We reverse for clear error 'only when the entire record definitely and firmly illustrates that the lower court made a mistake.'" Id. (quoting United States v. Sainz Navarrete, 955 F.3d 713, 720 (8th Cir. 2020)).

The commentary to the attempted murder Guideline notes that "'First degree murder' means conduct that . . . would constitute first degree murder under 18 U.S.C. § 1111." USSG § 2A2.1, comment. (n.1). That statute defines murder as the following:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; . . . or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

18 U.S.C. § 1111(a). For this cross-reference to § 2A2.1 to apply, the government needed to prove by a preponderance of the evidence that, *inter alia*, Angel acted with malice aforethought and premeditation. See United States v. Greer, 57 F.4th 626, 629 (8th Cir. 2023) ("Applying clear error review, we will reverse only if the 'entire record definitely and firmly illustrates that the lower court made a mistake' in finding the malice aforethought and premeditation required for attempted first degree murder, and that the attempted murder was not justified by self-defense." (quoting Clark, 999 F.3d at 1097)).

A.

Angel concedes that he shot at Woodland and Fisher but argues that he lacked the requisite intent to murder them. Attempted first-degree murder "requires the specific intent to kill." Greer, 57 F.4th at 629 (citation omitted); see Eighth Circuit Manual of Model Jury Instructions (Criminal) 6.18.1111A-1 (2021) (defining malice aforethought). "[S]hooting at a particular person, or a group of people, demonstrates

-4-

a specific intent to kill." Greer, 57 F.4th at 629 (citation omitted). In Greer, we held that a district court did not clearly err in finding a defendant had the intent to kill required for attempted first degree murder where the defendant fired at least four shots at a line of people in a convenience store, hitting one of them. Id. Here, Angel fired five shots at Woodland and Fisher, hitting Fisher. The district court, relying on Greer, did not clearly err in finding Angel had a specific intent to kill.

Angel also argues that there was insufficient time between when Woodland threatened him with a gun in the club and when he shot in her direction for him to have acted with the requisite premeditation. See 18 U.S.C. § 1111(a) (including premeditation as element of attempted murder). "The amount of time needed for premeditation . . . must be long enough for the defendant, after forming the intent to kill, to be fully conscious of his intent, and to have thought about the killing." Eighth Circuit Manual of Model Jury Instructions (Criminal) 6.18.1111A-2 (2021) (defining premeditation). But "proof of premeditation [does] not require the government to show that the defendant deliberated for any particular length of time." United States v. Slader, 791 F.2d 655, 657 (8th Cir. 1986) (citing United States v. Blue Thunder, 604 F.2d 550, 553 (8th Cir. 1979)). "[S]wift but deliberate actions before shooting [can] demonstrate that [a defendant] acted with the requisite premeditation." Greer, 57 F.4th at 629 (citation omitted). The video showed that after the altercation in the club, Angel followed Woodland and Fisher outside, crossed the street to his car, crossed back, and then shot at them; he had enough time to be fully conscious of his intent and to deliberate about his conduct. The district court did not clearly err in finding Angel acted with premeditation.

B.

In the alternative, Angel contends that the cross reference does not apply because he fired his gun in self-defense, which is an affirmative defense to attempted murder. "If a person reasonably believes that force is necessary to protect himself or another person from what he reasonably believes to be unlawful physical harm about to be inflicted by another and uses such force, then he acted in self defense." United

States v. Farlee, 757 F.3d 810, 815 (8th Cir. 2014) (quoting United States v. Milk, 447 F.3d 593, 598 (8th Cir. 2006)); see United States v. Tunley, 664 F.3d 1260, 1262 n.3 (8th Cir. 2012) ("Self-defense as a justification for killing is not codified by federal statute, but is instead a 'basic right, recognized by many legal systems from ancient times to the present day.'" (quoting McDonald v. City of Chicago, 561 U.S. 742, 767 (2010))). "However, self defense which involves using force likely to cause death or great bodily harm is justified only if the person reasonably believes that such force is necessary to protect himself . . . from what he reasonably believes to be a substantial risk of death or great bodily harm." Farlee, 757 F.3d at 817 (quoting Eighth Circuit Manual of Model Jury Instructions (Criminal) 9.04 (2021)). Initiating an assault where deadly force is used with the intent to kill "is inconsistent with a self-defense claim." Greer, 57 F.4th at 630 (quoting Milk, 447 F.3d at 599).

Woodland pulled out her gun in the club, but then security escorted her and Fisher out. Angel remained inside. The district court found that Angel then left the club on his own volition. According to the court, Angel "opted to follow [Woodland] out" of the club, where he ran to his car and back across the street again, and "[a]ll the while Ms. Woodland and Mr. Fisher [we]re walking away." On the record before it, the district court did not clearly err in finding that Angel "escalated" the situation when he "cho[se] to come outside and continue the confrontation and go get a gun and start firing," and in rejecting Angel's self-defense argument.

III.

We affirm the judgment of the district court.

_____