# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2292

_____

United States of America

*Plaintiff - Appellee*

v.

Kippie R. House

*Defendant - Appellant*

_____

No. 24-2316

_____

United States of America

*Plaintiff - Appellee*

v.

Darryel L. Pennington

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 20, 2025
Filed: February 11, 2026
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Following a drive-by shooting, the mother-son duo of Kippie House and Darryel Pennington each pleaded guilty to illegally possessing a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8). Although Pennington believes the district court[1] procedurally erred at sentencing and House thinks her 121-month sentence is too long, we affirm.

While at a crowded park, House and her ex-boyfriend's cousin became involved in an argument that escalated quickly. After one threw a punch, they exchanged gunfire. At that point, House left to get reinforcements. She grabbed her son, who joined her on the ride back to the park, gun in hand.

Upon their arrival, he fired from the passenger-side window at the ex-boyfriend, who was standing nearby. Pennington was then shot after multiple people, including the ex-boyfriend, returned fire. Once he was, the mother-son duo sped away to a hospital, where officers interviewed House and discovered guns in her car.

Pennington's complaint is with the finding at sentencing that he attempted to commit first-degree murder, which triggered a cross-reference that resulted in a higher offense level and a 120-month sentence. *See* U.S.S.G. §§ 2A2.1(a)(1), 2K2.1(c)(1); *United States v. Angel*, 93 F.4th 1075, 1077–80 (8th Cir. 2024)

____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

(describing how the cross-reference works and reviewing whether the record supported its application for clear error); *see also* 18 U.S.C. § 1111(a) (defining the elements of first-degree murder). For it to apply, the government had to prove by a preponderance of the evidence that he had the intent to kill and premeditated the crime. *See Angel*, 93 F.4th at 1078–79.

Here, it proved both. First, he fired the gun at someone, his mother's ex-boyfriend, who had been the subject of a violent argument earlier in the day. *See id.* at 1079 ("[S]hooting at a particular person . . . demonstrates a specific intent to kill." (alteration in original) (citation omitted)). Second, during the drive to the park, Pennington had time to think about what he would do with it once they arrived. *See id.* (requiring a person "to be fully conscious of his intent[] and to have thought about the killing" (citation omitted)). To overcome these facts, Pennington claims self-defense, but a video shows he pointed the gun out the car window and fired before the ex-boyfriend raised his weapon. *See id.* at 1080 ("Initiating an assault where deadly force is used with the intent to kill is inconsistent with a self-defense claim." (citation omitted)). Under these circumstances, the record did not support Pennington's self-defense claim, let alone "definitely and firmly" show that the district court "made a mistake." *Id.* at 1078 (citation omitted).

Nor is House's 121-month sentence substantively unreasonable. Rather than trying to deescalate the situation, she made things worse by involving her son, who ended up firing into a crowded park. In discussing these and other facts, the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Clark*, 998 F.3d 363, 369 (8th Cir. 2021).

We accordingly affirm the judgments of the district court.

_____