# United States Court of Appeals
### For the Eighth Circuit
_____

No. 24-2461
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Deshane Branigan, also known as B

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: October 20, 2025
Filed: March 11, 2026
[Unpublished]
_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Brandon Branigan appeals his 226-month sentence. After careful review, we affirm.

I.

On March 28, 2024, Branigan pleaded guilty to one count of Racketeering Conspiracy under 18 U.S.C. § 1962(d). Pursuant to a plea agreement, the government agreed to dismiss a separate indictment against him in the Southern District of Iowa, and Branigan stipulated to his involvement in a shooting in May 2021, in which he attempted to shoot a man he believed to be a rival gang member but instead shot his own passenger several times. Based on this conduct, the Presentence Investigation Report (PSR) recommended applying a cross reference under the Guidelines to attempted murder.

Branigan raised several objections to the PSR, including that the facts of the shooting, while undisputed, did not support the cross reference. At sentencing, he also moved for a downward variance to reflect his decision to plead guilty rather than go to trial. The district court[1] overruled the objection to the cross reference, denied the motion for variance, and sentenced Branigan to 226 months of imprisonment.[2]

Branigan raises two challenges to his sentence on appeal: first, that the district court erred in applying an attempted murder cross reference under USSG §§ 2E1.1(a)(2) and 2A2.1; and second, that the sentence was substantively unreasonable because the district court failed to give sufficient consideration to his decision to plead guilty. We address each in turn.

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

[2]The district court initially imposed a term of imprisonment of 240 months but, on the parties' joint request, reduced it to 226 months to account for the 14 months Branigan had served in state custody for which he would not otherwise receive credit against his federal sentence.

## II.

"[W]e review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. Jones, 89 F.4th 681, 684 (8th Cir. 2023) (quoting United States v. Godfrey, 863 F.3d 1088, 1094 (8th Cir. 2017)). "We review the district court's application of the Guidelines and imposition of sentencing enhancements de novo." United States v. Foard, 108 F.4th 729, 736 (8th Cir. 2024) (quoting United States v. Norwood, 774 F.3d 476, 479 (8th Cir. 2014) (per curiam)). "We review factual findings at sentencing for clear error." Id. (citing Norwood, 774 F.3d at 479). The government bears the burden of showing a sentence enhancement was warranted by a preponderance of the evidence. Id. (first citing Norwood, 774 F.3d at 479; and then citing United States v. Thomas, 630 F.3d 1055, 1057 (8th Cir. 2011) (per curiam)).

## A.

Under the Guidelines, the base level for a racketeering offense is level 19 or "the offense level applicable to the underlying racketeering activity," whichever is greater. USSG § 2E1.1(a). Here, the PSR recommended applying the offense level applicable to attempted murder under USSG § 2A2.1. See United States v. Nichols, 76 F.4th 1046, 1055 (8th Cir. 2023) ("Attempted murder is an underlying 'racketeering activity[.]'" (quoting 18 U.S.C. § 1961(1))). This cross reference applies "if the object of the offense would have constituted first degree murder" under 18 U.S.C. § 1111. USSG § 2A2.1(a)(1); id. § 2A2.1, comment. (n.1).

First degree murder, as relevant here, requires both that the defendant acted with malice aforethought and that the killing was premeditated. Eighth Circuit Model Jury Inst. 6.18.1111A n.6; 18 U.S.C. § 1111(a). "[P]roof of premeditation [does] not require the government to show that the defendant deliberated for any particular length of time." United States v. Greer, 57 F.4th 626, 629 (8th Cir. 2023)

-3-

(alterations in original) (quoting <u>United States v. Slader</u>, 791 F.2d 655, 657 (8th Cir. 1986)).

The facts surrounding the shooting are uncontested, but Branigan argues they do not rise to the level of attempted murder. According to Branigan, because he was "blindly shooting," the district court could not permissibly infer he acted with malice aforethought or premeditation as to either his passenger or the man who approached the car. As a result, the proper cross reference was to assault, not attempted murder.

The district court rejected this argument:

> I think from the very first shot there was at a minimum a reckless and wanton conduct and a gross deviation from the standard of care, but certainly by the fifth, sixth, eighth, tenth shot—
>
> And it doesn't matter to me which way Mr. Branigan was looking. When he's firing horizontally in the direction of someone who has just walked up to the car and hasn't, at least by my review of the video, done anything threatening to Mr. Branigan — no indication of a gunshot being fired into the car first before Mr. Branigan fires back. Instead, all the shooting is in one direction, by Mr. Branigan, a horizontal level, 10 shots. That is enough to establish malice aforethought[.]

"[Branigan's] intent is a finding of fact we review for clear error." <u>United States v. Williams</u>, 41 F.4th 979, 985–86 (8th Cir. 2022) (quoting <u>United States v. Grauer</u>, 701 F.3d 318, 325 (8th Cir. 2012)). The district court's findings as to malice aforethought are fully supported by the record. <u>See</u> <u>Janis v. United States</u>, 73 F.4th 628, 631–32 (8th Cir. 2023) ("This court defines 'malice aforethought' as the 'intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life." (emphases omitted) (quoting <u>United States v. Comly</u>, 998 F.3d 340, 343 (8th Cir. 2021))). And regardless of whether Branigan intended to harm his passenger, his undisputed actions evinced an intent to kill the unknown man who approached the car. At least by the time Branigan fired his tenth shot in the direction of a man who

had not fired shots at him, it was reasonable for the court to find that Branigan acted with premeditation. See, e.g., United States v. Bagola, 108 F.4th 722, 727 (8th Cir. 2024) ("Swift but deliberate actions before shooting can demonstrate that a defendant acted with the requisite premeditation." (citation modified)). The district court did not clearly err in applying the cross reference for attempted murder.

## III.

"We review the substantive reasonableness of [Branigan's] sentence for abuse of discretion." United States v. Malouth, 121 F.4th 1158, 1163 (8th Cir. 2024) (citing United States v. Haskins, 101 F.4th 997, 999 (8th Cir. 2024)). "[A] district court abuses its discretion when it '(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. at 1163 (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Feemster, 572 F.3d at 464.

Branigan asked the district court to "vary substantially downward," specifically highlighting his decision to plead guilty: "There are 14 defendants, only 1 of whom has accepted responsibility. Mr. Branigan stands alone in being the only person to have shown [the] Court his remorse through that mechanism." He argued that rewarding his decision with a downward variance would also promote respect for the law and contribute to the goal of general deterrence.

The district court acknowledged these arguments and said that "in a different context" it would find them "compelling." But here, the court was "troubled" by the circumstances of Branigan's case and the 2021 shooting in particular:

So somebody walks up to a vehicle. You [Branigan] immediately start firing. You fire in this reckless way. I thought it was clear from

-5-

watching the video you were trying to kill the person who came up there. That's why you shot so many times.

You end up hitting [the passenger] so many times that, according to the PSR, she suffers 15 gunshot wounds, and . . . apparently a few bullets hit her twice. There were only maybe 10 shots total. Regardless, you shoot her over and over again. You shot her in the abdomen, in the breast, in the elbow, in the thigh, in the arm, in the clavicle, in the neck, in the face. You don't stop and care for her. You don't call an ambulance. You just run.

The court also expressed concern about Branigan's conduct after arrest, when he tried to influence the passenger to sign an affidavit saying he was not the shooter. And the court noted that Branigan had already benefitted from his plea agreement, in which the government promised to dismiss the other indictment against him, resulting in a 10-year reduction in his statutory maximum sentence. We discern no abuse of the district court's discretion.

IV.

The judgment of the district court is affirmed.

_____