# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3493
_____

United States of America

*Plaintiff - Appellee*

v.

Cody Michael Gibbs

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: November 20, 2025
Filed: March 17, 2026
[Unpublished]
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Shooting at a police officer with an illegally possessed firearm resulted in the maximum sentence possible for Cody Gibbs. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8). Although he challenges the substantive reasonableness of his 180-month sentence and the application of the attempted-murder cross-reference that led to it, we affirm.

Gibbs sped up rather than stopped when a police officer turned on his siren and lights. While driving around 80 miles per hour, he entered an oncoming lane of traffic and eventually crashed into a fence.

Still hoping to get away, Gibbs grabbed his gun and tried to escape on foot. When the officer cut off his path by driving in front of him, Gibbs fired twice at the patrol car. He then pulled the trigger twice more while the officer was chasing him, but the gun malfunctioned each time. Not long after, Gibbs tossed it and surrendered.

Although none of the bullets hit the officer, pulling the trigger multiple times led the district court[1] to conclude he had attempted to commit first-degree murder, which resulted in a higher base offense level through the application of a Sentencing Guidelines cross-reference. *See* U.S.S.G. §§ 2A2.1(a)(1), 2K2.1(c)(1); *United States v. Angel*, 93 F.4th 1075, 1077–79 (8th Cir. 2024) (describing how the cross-reference works). The question here is whether the government proved by a preponderance of the evidence that Gibbs intended to kill the officer and premeditated the crime. *See Angel*, 93 F.4th at 1078–79; *see also* 18 U.S.C. § 1111(a) (defining the elements of first-degree murder). We review the district court's findings that he did for clear error. *See Angel*, 93 F.4th at 1078–79.

Plenty of evidence supported both mental-state elements. First, video from the incident, as well as expert testimony, showed that Gibbs initially fired at the officer from just seven yards away. *See id.* at 1079 ("[S]hooting at a particular person . . . demonstrates a specific intent to kill." (alteration in original) (citation omitted)). Second, Gibbs had time during the car chase to decide what he would do if the officer caught up with him. *See id.* (requiring a person "to be fully conscious of his intent[] and to have thought about the killing" (citation omitted)). Third, after crashing, Gibbs made the decision to grab his gun, rather than leave it in the car. *Cf.*

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

*United States v. Blue Thunder*, 604 F.2d 550, 554 (8th Cir. 1979) ("[T]he jury is generally allowed to infer premeditation from the fact that the defendant brought the deadly weapon to the scene of the murder."). And finally, he paused between some of the trigger pulls, giving him even more time to premeditate his actions. *See United States v. Greer*, 57 F.4th 626, 629 (8th Cir. 2023) (determining that there was no clear error in finding premeditation when the shooter saw the victim, turned his body, and pulled out a gun before firing).

Gibbs claims that shooting in the officer's direction was an accident, a product of his drunken and frenzied state. Given the evidence before it, however, the district court was under no obligation to credit his "self-serving" and "unsupported" account. *See United States v. Maupin*, 3 F.4th 1009, 1017 (8th Cir. 2021) (explaining that the district court was "free to reject [a] self-serving characterization and credit" contrary evidence). And to the extent he argues that intoxication prevented him from premeditating the crime, the court could—and did—conclude otherwise. *See United States v. Slader*, 791 F.2d 655, 658 (8th Cir. 1986) (upholding a first-degree-murder conviction even though the defendant was in a "state of intoxication" when he fired a gun). Nothing suggests it clearly erred in doing so or needed to say more. *See Angel*, 93 F.4th at 1078.

Nor is his 180-month sentence substantively unreasonable. The record establishes that the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Clark*, 998 F.3d 363, 369 (8th Cir. 2021). It considered, among other facts, that Gibbs fled from the police in a high-speed chase, nearly collided with an oncoming car, and tried multiple times to shoot an officer. It is no wonder the district court decided to give him the maximum available sentence, something within its discretion to do. *See* 18 U.S.C. § 924(a)(8).

We accordingly affirm the judgment of the district court.

_____