United States Court of Appeals
For the Eighth Circuit
No. 25-1232

United States of America

*Plaintiff - Appellee*

v.

Adrian Warren Neeley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: May 27, 2026
Filed: June 2, 2026
[Unpublished]

_____

Before GRUENDER, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Adrian Neeley appeals the within-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to a firearm offense. On appeal, Neeley argues the

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

district court erred in applying a cross-reference to the Guidelines provision for attempted murder, and he challenges the sentence as substantively unreasonable.

Upon careful review, we conclude that the district court did not err in calculating the Guidelines range using the cross-reference. See United States v. Angel, 93 F.4th 1075, 1078 (8th Cir. 2024) (reviewing district court's factual findings in applying cross-reference for clear error and its application of Guidelines de novo). Neeley failed to show the district court clearly erred in finding the undisputed facts at sentencing established that he used the firearm to shoot at an occupied vehicle, see United States v. Clark, 999 F.3d 1095, 1097-98 (8th Cir. 2021) (per curiam) (defendant did not show error in application of attempted first-degree murder cross-reference based on evidence that he shot another person with gun he pleaded guilty to possessing); or in concluding the facts established malice aforethought and premeditation, see United States v. Greer, 57 F.4th 626, 629 (8th Cir. 2023) (premeditation and malice aforethought required for attempted first-degree murder); see also Angel, 93 F.4th at 1079 (concluding district court did not clearly err in finding premeditation where defendant followed victim prior to shooting, and specific intent to kill because defendant fired 5 shots at victim).

We also conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing substantive reasonableness of sentence under deferential abuse-of-discretion standard; court abuses discretion when it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors).

Accordingly, we affirm.

_____